No. 27,201.

THE CITIZENS STATE BANK, *Appellee*, v. JOHN SCHULTE, *Appellant*.

SYLLABUS BY THE COURT.

1. FRAUDS, STATUTE OF—*Promise to Answer for Debt of Another—Where Promisor Holds Paper Title to Creditor's Land.* A bank holding a note sued the father of its maker alleging he had orally agreed to mortgage a tract of land and apply a portion of the loan to a payment thereon, in consideration of a release of certain wheat from the lien thereon held by the bank. There was evidence that the paper title to the land was in the father, but the son was the beneficial owner. It is held that, accepting this as proved, his agreement was not taken out of the statute of frauds on the theory of being a promise to pay his son's debt out of property of his son in his hands, unless the father had been authorized by the son to give the mortgage and make such payment out of the proceeds; and that such authority was not to be assumed or inferred from the agreement made by the father with the bank, and was not shown by the evidence. It is further held. that if the father in fact owned the land and falsely represented to the bank that the son was the real owner this would be no basis for a recovery upon the oral promise on the ground of fraud, inasmuch as the bank's position would have been no better in this respect if the representation had been true.

2. FRAUD — *False Representation — Necessity for Pleading.* A recovery in the present action could not be had on the ground that the release of the wheat was obtained by the false representation that the son owned the land, for the reason that such a cause of action was not pleaded nor fully presented to the jury.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed March 12, 1927. Reversed.

*William Barrett* and *George Barrett,* both of Pratt, for the appellant.

*W. B. Hess,* of Pratt, for the appellee.

The opinion of the court was delivered by

MASON, J.: Ed Schulte gave to the Citizens State Bank, of Pratt, his note for $3,635, secured by a chattel mortgage covering, with other property, 260 acres of growing wheat. The present action was brought by the bank against John Schulte, the father of Ed Schulte, to recover from him $3,000 upon an oral promise alleged to have been made by him to pay that amount to apply on the note referred to. Judgment was rendered in accordance with the plaintiff's claim, and the defendant appeals.

Frauds, Statute of, 27 C. J. pp. 31 n. 86, 137 n. 31, 138 n. 34, 145 n. 91, 149 n. 9; 25 R. C. L. 496.

The defendant denied making the oral agreement referred to, but the evidence on the subject was conflicting and the verdict and judgment must be regarded as settling that dispute in favor of the plaintiff. The defendant's present contention is that even upon the plaintiff's version of the transaction the evidence did not support the judgment, for the contract, not being in writing, was rendered unenforceable by the statute of frauds, and the circumstances shown were not such as to take it out of the operation of the statute.

An instruction was given that the plaintiff was entitled to recover if the evidence established these facts:

The paper title to the half section on which the mortgaged wheat was grown was in the defendant, but the land was in fact owned by his son Ed. Ed was largely indebted to other persons, and shortly after the maturity of his note to the bank he and the defendant entered into an agreement that the latter should, by making a mortgage on the land, obtain a loan for $6,000, of which $3,000 should be applied to his son's note to the bank, the remainder to be retained by the defendant, all this upon condition that the bank would allow the mortgaged wheat to be sold and the proceeds to be applied upon debts the son was owing to other creditors. A little later the defendant informed the bank of this agreement and orally agreed with the bank that if it accepted the condition (which it did) the arrangement would be carried out. The wheat was accordingly sold and its proceeds were not applied to the bank's note. The defendant refused to make the loan or to pay anything to the bank.

There was evidence that the defendant had previously paid many debts for his son, and there is room for the inference that the retention of the $3,000 by him was on this account. Treating the instruction as requiring also a finding by the jury to this effect, and perhaps regardless of that, it was in conformity with the general law, upon the principle that "a promise to pay the debt of another out of property or funds of the debtor in the hands of the promisor is generally held to be an original undertaking" (27 C. J. 137); or, as the rule has elsewhere been stated:

"Where a debtor places money or property in the hands of a third person, the proceeds to be applied in paying his debts, the promise of such third person to the creditor to pay the debt from such funds or the proceeds of the property is an original obligation and not a promise to pay the debt of another within the provision of the statute, and the creditor may maintain an action against such third person on the promise though there was no note or memorandum of the promise in writing." (25 R. C. L. 504.)

But we find no evidence that the defendant and his son entered into the agreement referred to, or that the defendant told the plaintiff that such was the case. The plaintiff suggests that an inference to that effect might be drawn by the jury from the other evidence, that is, as we understand, from the agreement made by the defendant with the bank. We do not think such a prior arrangement is to be so inferred. And we do not regard the defendant as having the land of his son in his hands in such sense as to make binding his oral promise to mortgage it and apply a part of the proceeds to the bank's note. Without his son's consent, which cannot be assumed or inferred from his own action, he had no right to mortgage the land at all, and certainly not to dispose of the proceeds. The mere holding of the naked title did not give him the control of the property.

The fact that the bank waived its lien against the wheat did not entitle it to enforce the oral agreement against the defendant. The existence of a consideration does not render the statute of frauds inoperative. A consideration is necessary to the enforceability of a contract whether oral or in writing, and its existence does not dispense with the need of written evidence to support a promise to pay the debt of another. The fact that the defendant was to derive some personal benefit from the deal would not of itself take his promise out of the operation of the statute of frauds. (27 C. J. 145-149; 25 R. C. L. 494-496.) However, unless he had authority from his son to mortgage the land and dispose of the proceeds there could be no profit to him in the transaction. A loss to the promisee might take the promise out of the statute if there were a corresponding direct gain to the promisor.

"It is no sufficient ground to prevent the operation of the statute that the plaintiff has relinquished an advantage, or given up a lien, in consequence of the defendant's promise, if that advantage has not also directly inured to the benefit of the defendant, so as in effect to make it a purchase by the defendan; of the plaintiff." (25 R. C. L. 496.)

2. An instruction was also given that if the land in fact belonged to the defendant, while he falsely represented to the bank that his son owned it, his purpose being to induce the bank to release the wheat from the mortgage lien, a recovery might be had on the ground of fraud. Inasmuch as we hold the fact that the son owned the land—in the absence of authority given the defendant to dispose of it—did not make the defendant liable on his oral promise to

pay his son's debt, the misrepresentation as to the title could not have made the oral promise enforceable. If a cause of action existed for obtaining a release of the wheat by false pretenses it was not pleaded and did not form a basis of recovery in this proceeding. The measure of damages on such a cause of action would be the value of the wheat, an issue which was not submitted.

It follows from what has already been said that the evidence did not warrant a recovery by the plaintiff.

A reversal is ordered, with directions to render judgment for the defendant.